**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE**

| | |
|---|---|
| RUSTIN NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-112 |
| | ) |
| NATIONAL CREDIT SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, RUSTIN NELSON ("Plaintiff"), through his attorney, SHARON D. COUSINEAU, alleges the following against Defendant, NATIONAL CREDIT SYSTEMS, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 15 U.S.C. §1692k

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Spokane Valley, Spokane County, Washington

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency headquartered in Atlanta, Fulton County, Georgia.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

PLAINTIFF'S COMPLAINT

2

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

15. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with a residential apartment lease.

16. The alleged debt at issue arises from transactions for personal, family, and household purposes.

17. Within the past year of Plaintiff filing this Complaint, Defendant began placing collection calls to Plaintiff's telephone number at xxx-xxx-7938, in an attempt to collect the alleged debt.

18. Defendant calls Plaintiff from 317-537-0876, which is one of Defendant's telephone numbers.

19. Plaintiff does not owe the alleged debt that Defendant seeks to collect.

20. On or about December 16, 2020, Plaintiff sent a cease-and-desist letter to Defendant, via Priority Mail Express, requesting for Defendant to stop calling Plaintiff.

21. On or about December 19, 2020 at 11:53 a.m., Defendant received Plaintiff's cease-and-desist request.

22. Despite Plaintiff's written request for Defendant to stop calling him, Defendant continued to call Plaintiff's telephone unabated including, but not limited to, on or about December 21, 2020 at 6:57 a.m. and December 28, 2020 at 6:55 a.m.

23. Defendant's collectors were working within the scope of their employment when they communicated with Plaintiff.

24. Defendant's collectors are or should be familiar with the FDCPA.

PLAINTIFF'S COMPLAINT

3

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

25. Defendant's collectors know or should know that the FDCPA prohibits debt collectors from communicating with a consumer at an unusual time which should be known to be inconvenient to the consumer.

26. On or about February 2, 2021 at 10:25 a.m., Plaintiff answered Defendant's collection call and spoke with Defendant's female collector, Meadows.

27. During the conversation between Plaintiff and Meadows:

    a. Meadows demanded payment from Plaintiff.

    b. Plaintiff informed Defendant that he is represented by an attorney with respect to the alleged debt.

    c. Meadows threatened to take legal action against Plaintiff.

    d. Meadows threatened to have Defendant's attorney contact Plaintiff.

28. To date, Defendant has not taken legal action against Plaintiff.

29. Defendant has never had any intention to take legal action against Plaintiff.

30. At all times relevant, Defendant parked the alleged debt on Plaintiff's credit report.

31. Defendant engaged in the foregoing conduct with the intent to annoy, abuse and/or harass Plaintiff.

32. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owes.

33. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

34. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

PLAINTIFF'S COMPLAINT

4

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

35. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692c(a)(1) of the FDCPA by communicating with a debtor at an unusual time which should be known to be inconvenient to the consumer, when Defendant placed collection calls to Plaintiff's telephone before 7 a.m. PST;

   b. Defendant violated § 1692c(c) of the FDCPA by communicating with a consumer after that consumer notified a debt collector inwriting that the consumer wishes the debt collector to cease further communication with the consumer, with none of the exceptions applicable, when Defendant continued to place collection calls to Plaintiff after Defendant received a written cease-and-desist letter from Plaintiff;

   c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling him – and continued to do so after Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt;

   d. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling him – and continued to do so after Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt;

PLAINTIFF'S COMPLAINT

5

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

e. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

f. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant threatened to take legal action against Plaintiff when Defendant did not intend to take such action;

g. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant attempted to collect a debt not owed by Plaintiff and when Defendant parked the alleged debt on Plaintiff's credit report; and

h. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, RUSTIN NELSON, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT SYSTEMS, INC., for the following:

36. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

37. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

38. Any other relief that this Honorable Court deems appropriate.

PLAINTIFF'S COMPLAINT

6

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

1  DATED: March 15, 2021                RESPECTFULLY SUBMITTED,

2                                       By: /s/Sharon D. Cousineau
                                             Sharon D. Cousineau
3                                            Samwel Cousineau, PC
                                             700 West Evergreen Blvd.
4                                            Vancouver, WA 98660
                                             Tel. 360-750-3789
5                                            Fax 360-750-3788
                                             sdcousineau@gmail.com
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25